**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Kay Pernack,<br><br>　　　　　　Debtor Appellant,<br><br>v.<br><br>Federal National Mortgage Association, et al.,<br><br>　　　　　　Appellee. | No. CV12-2540 PHX DGC<br>BK No.: 2:12-bk-13331-CGC<br>BAP No. AZ-12-1543<br><br>**ORDER** |

  Before the Court is Appellee's motion to dismiss for failure to fulfill procedural requirements and mootness. Doc. 6. Appellant failed to respond to the motion to dismiss. Only after this Court issued an order warning Appellant that the Court would summarily grant Appellee's motion (Doc. 8) did Appellant file a notice objecting to the motion to dismiss (Doc. 9). The notice states: "I Susan Pernack am objecting to dismissal in this case. I urge court for time to retain council." Doc. 10. This, of course, is not an effective response to a motion to dismiss.

  Since filing her notice of appeal on October 25, 2012, Appellant has not taken any action to comply with Federal Rule of Bankruptcy Procedure 8006. The bankruptcy court notified Appellant that she had fourteen days from the filing of the notice of appeal to file a statement of issues and designation of record (Doc. 1), and the Clerk of this Court warned Appellant that failure to comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Appeal Procedure may result in dismissal (Doc. 2). In the seven months since she filed her notice of appeal, Appellant has taken no

action to prosecute the appeal. She has filed no statement of issues, designated no portion of the record, failed to file a substantive response to the motion to dismiss, and failed to file any other document. Her brief response to the motion to dismiss states that she seeks time to find counsel, but seven months is more than enough time to complete such a task. For all of these reasons, the Court will grant Appellee's motion to dismiss. *See* Fed. R. Bankr. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal."); *see also In re Gelso Investments V, LLC*, 127 Fed. Appx. 916, 917 (9th Cir. 2005) ("the district court properly dismissed with prejudice [*pro se* appellant]'s bankruptcy appeal for failure to prosecute because, eleven months after filing his notice of appeal, with sufficient opportunities to comply despite his incarceration [*pro se* appellant] still had not filed the requisite documents.").

**IT IS ORDERED:**

1. The appeal is dismissed.
2. The Clerk is directed to terminate this action.

Dated this 23rd day of May, 2013.

_____
David G. Campbell
United States District Judge